UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LEONARD LEE HALEY,

    Plaintiff,

v.

DR. HOWARD COOK,
DR. ASHOK KRISHNASWAMY and
CORIZON NBCI MEDICAL DEPT.,

    Defendants.

Civil Action No. TDC-22-1191

## MEMORANDUM OPINION

Leonard Lee Haley, an inmate incarcerated at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, has filed this civil action pursuant to 42 U.S.C. § 1983 in which he alleges that he was denied adequate medical care relating to a foot surgery and chronic pain. Pending before this Court are separate Motions to Dismiss, or in the Alternative, Motions for Summary Judgment filed by Defendants Dr. Howard Cook and Dr. Ashok Krishnaswamy. Although Haley was notified of his right to file memoranda in opposition to the Motions, he has not done so. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, both Motions will be GRANTED.

## BACKGROUND

The Court has previously set forth in detail the factual background of this case in its September 20, 2023 memorandum opinion granting two earlier Motions to Dismiss filed by other defendants, which is incorporated by reference. *Haley v. Hoover*, No. TDC-22-1191, 2023 WL

6143466, at *1-4 (D. Md. Sept. 20, 2023). The Court therefore sets forth only those additional facts necessary for resolution of the pending Motions.

In his Complaint, as supplemented by the Amended Complaint, Haley alleges that on May 20, 2019, he was stabbed in the foot and also suffered a broken leg when another inmate attacked him. According to Haley, that day he was evaluated by Nurse Holly Hoover, who stitched or stapled the wound but did not prescribe any pain medication or order x-rays at that time. Haley alleges that from that point forward, he continued to have significant pain in his foot that was not treated adequately.

I.   **Dr. Krishnaswamy**

Dr. Krishnaswamy is an orthopedic surgeon in private practice who had an agreement with Corizon Health, Inc. ("Corizon"), the company that contracts with the State for prisoner healthcare, under which he was reimbursed for treatment he provided to inmates. On February 26, 2020, at the Grace Medical Center in Baltimore, Maryland, Dr. Krishnaswamy evaluated Haley for the first time based on Haley's ongoing complaints of right ankle and foot pain, mostly around his heel. During the evaluation, Haley reported to Dr. Krishnaswamy that he suffered injuries to his right ankle in 2004 and in 2019. The 2004 injury had required open reduction and internal fixation with a plate and screws. Dr. Krishnaswamy reviewed x-rays from 2019 and ordered new x-rays. He also sought, but never received, medical records from the 2004 surgery. Dr. Krishnaswamy told Haley that his treatment options would depend on the results of the x-rays.

Dr. Krishnaswamy did not see Haley again until August 20, 2020, after the onset of the COVID-19 pandemic. During that telehealth consultation, Haley complained of continuing pain in his right foot and ankle, particularly around his heel. The x-rays showed an old fracture of the heel with post-surgical hardware still in place. Dr. Krishnaswamy therefore determined that Haley's pain was

likely caused or worsened by the old plate and screws and recommended surgery to remove the plate and screws as well as any abnormal bone growth.

On December 1, 2020, Dr. Krishnaswamy performed the surgery on Haley's heel. According to Haley, Dr. Krishnaswamy "tried to remove plates, pins, and screws, but stated he couldn't do [it]" and removed a bone from Haley's foot without Haley's consent. Compl. at 6-7, ECF No. 1. Haley further alleges that Dr. Krishnaswamy told him that "he messed up because he was without his surgical tools, and had to modify the surgery." *Id.*

According to Dr. Krishnaswamy, he had explained to Haley the risks of the procedure, including a prolonged recovery, infection, and future surgeries, and Haley consented to the procedure. During the operation, Dr. Krishnaswamy removed significant abnormal bone growth. Although he observed the plate and screws installed during the 2004 surgery, he discovered that none of the screwdrivers available at Grace Medical Center were compatible with the screws. He therefore could not remove the plate and screws as planned. After making another incision and removing additional bone growth, Dr. Krishnaswamy closed the surgical incisions, injected certain pain medication, applied sterile dressings, and put in place a short leg splint. According to Dr. Krishnaswamy, Haley tolerated the procedure well, and he noted no complications. Dr. Krishnaswamy did not see Haley again after the surgery.

According to Haley, by December 27, 2020, his foot had become infected, which he attributes to the "botched surgery" and medical staff at NBCI "not changing bandage dressing or irrigating the wound." *Id.* at 7. Dr. Krishnaswamy was not contacted about Haley's infection or to schedule a follow-up surgery.

**II.    Dr. Cook**

Dr. Cook is an internal medicine physician who, as an independent contractor, was temporarily placed at Western Correctional Institution and NBCI from March 4, 2021 to October

31, 2021. Haley alleges that Dr. Cook repeatedly failed to prescribe him pain medication and failed to order a consultation for physical therapy while he was awaiting a "surgical correction" following Dr. Krishnaswamy's procedure. *Id.* at 8. According to Haley's medical records, Dr. Cook evaluated Haley for chronic pain for the first and only time on April 30, 2021. At that time, Haley's most recent medical records showed that a prescription for Ultram, a pain medication, had been discontinued due to non-adherence, a podiatry follow-up was scheduled, and Haley was undecided on whether he wished to undergo additional surgery on his foot and ankle. Based on the evaluation, Dr. Cook submitted a Drug Request Form for Haley to be prescribed Lyrica for a 90-day period to treat his pain. Dr. Cook did not prescribe Ultram because of Haley's previous non-compliance and because he believed Lyrica's potential for misuse was lower.

Dr. Cook had no further involvement in Haley's medical care. He did not request a physical therapy consultation because such a referral would have been outside the scope of his role as a chronic care provider. Dr. Cook asserts that a physical therapy referral would likely have been contraindicated because Haley had been referred for a podiatry follow-up and because of the lack of clarity on whether Haley would undergo another surgery.

### III.     Procedural History

On May 18, 2022, Haley filed the Complaint in this case. In Count I, as relevant here, he asserts claims under 42 U.S.C. § 1983 that Dr. Krishnaswamy and Dr. Cook acted with deliberate indifference to his medical needs, in violation of the Eighth Amendment to the United States Constitution, based on Dr. Krishnaswamy's actions relating to the surgery and Dr. Cook's alleged failure to provide adequate pain treatment. In Count II, Haley asserts that Defendants subjected him to discrimination based on his status as a prisoner in segregation, in violation of the Equal

Protection Clause of the Fourteenth Amendment on the grounds that other prisoners not in segregation have had their medical issues adequately addressed.

## DISCUSSION

In their Motions, Dr. Krishnaswamy and Dr. Cook seek dismissal under Federal Rule of Civil Procedure 12(b)(6) or summary judgment under Rule 56. Dr. Krishnaswamy argues that (1) Haley cannot establish that Dr. Krishnaswamy was a state actor, as required for a claim under 42 U.S.C. § 1983; (2) Haley has not established that Dr. Krishnaswamy acted with deliberate indifference to a serious medical need; and (3) to the extent that the Complaint could be construed as including a negligence claim, Haley has failed to comply with procedural prerequisites for filing such a claim. Dr. Cook argues that neither the allegations in the Complaint nor the record evidence support a claim against him.

### I.    Legal Standards

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

When deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents. *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484

5

F.3d 700, 705 (4th Cir. 2007). Here, both Defendants have submitted affidavits and exhibits with their Motions. Courts must treat such a Rule 12 motion as a motion for summary judgment when matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment; and (2) the nonmoving party must be afforded "a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

Here, the notice requirement has been satisfied by the titles of Defendants' Motions. To show that a reasonable opportunity for discovery has not been provided, the nonmoving party must file an affidavit or declaration under Rule 56(d), or an equivalent filing, explaining why "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002). Haley has not opposed the pending Motions and has not sought discovery in response to the pending Motions. Accordingly, the Court will construe Defendants' Motions as motions for summary judgment for purposes of the arguments requiring consideration of the submitted declarations and exhibits.

Under Rule 56, the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, "with all justifiable inferences" drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

6

255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is "genuine" only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.*

## II.  Eighth Amendment

Defendants argue that Haley has neither alleged nor presented sufficient facts to support a claim that either Dr. Krishnaswamy or Dr. Cook provided inadequate medical care in violation of the Eighth Amendment, which protects prisoners from "cruel and unusual punishment" and prohibits "unnecessary and wanton infliction of pain" against inmates. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016). In order to state an Eighth Amendment claim for inadequate medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle*, 429 U.S. at 106. Such deliberate indifference requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure that the needed care was available. *See Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

Objectively, the medical condition at issue must be serious. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A medical condition is serious when it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko*, 535 F.3d at 241 (citation omitted). As for the subjective component, "[a]n official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively knows of and disregards an excessive risk

to inmate health or safety." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "[I]t is not enough that an official should have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* (citations omitted). "[M]any acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Id.* "Deliberate indifference is more than mere negligence, but less than acts or omissions done for the very purpose of causing harm or with knowledge that harm will result." *Scinto*, 841 F.3d at 225 (internal alterations omitted). Under this standard, a mere disagreement between an inmate and a physician over the appropriate level of care does not establish an Eighth Amendment violation absent exceptional circumstances. *Id.*

### A.     Dr. Krishnaswamy

Upon a review of the record, the Court finds that there is insufficient evidence to support a deliberate indifference claim against Dr. Krishnaswamy. Although Haley has established that he had an objectively serious medical need relating to his foot, the evidence does not support a finding that the subjective prong of a deliberate indifference claim can be satisfied. To the extent that there is any claim that there were undue delays in providing treatment or surgery on Haley's foot, or any failure to treat it following the December 2020 surgery, the evidence does not support a finding that Dr. Krishnaswamy bore any responsibility for any such inaction. Where Dr. Krishnaswamy was a private physician located outside of NBCI, there is no evidence supporting the conclusion that he had any ability to arrange for Haley to have received initial or follow-up consultations or treatment on any particular schedule; rather, the decisions on whether and when outside treatment would occur were in the hands of NBCI medical staff. Thus, the only arguable basis for a claim against Dr. Krishnaswamy relates to the December 2020 surgery.

There is no claim that Dr. Krishnaswamy's recommendation that the surgery occur was faulty. Although Dr. Krishnaswamy has acknowledged that he was unable to complete the full procedure because the hospital did not have the necessary tools with which to effectuate the removal of the plate and screws in Haley's foot, there is no evidence that he acted with deliberate indifference. Rather, Dr. Krishnaswamy removed irregular bone growth and closed the surgical incision, and Haley was in stable condition when he returned to NBCI. To the extent that Haley could argue that Dr. Krishnaswamy should have taken different actions to ensure that the correct tools were available, or to the extent that any later infection could arguably be attributed to how he conducted the surgery, there is no basis to conclude that any acts or omissions by Dr. Krishnaswamy amounted to anything more than negligence, which is not sufficient to establish an Eighth Amendment claim. Notably, there is no evidence that Dr. Krishnaswamy was informed of, or called upon to address, the foot infection that arose in the weeks after the surgery. Dr. Krishnaswamy was not asked to conduct any follow-up surgery. On this record, the Court cannot conclude that Dr. Krishnaswamy was deliberately indifferent to a serious medical need.

Upon review of the Complaint and the Amended Complaint, the Court does not find that Haley has alleged a claim of medical negligence or medical malpractice. Even if he had, the Court agrees with Dr. Krishnaswamy that any such claim would have to be dismissed without prejudice because Haley failed to comply with Maryland's Health Care Malpractice Claims Act ("HCMCA"), Md. Code Ann., Cts. & Jud. Proc. §§ 3–2A–01 to 3–2A–10 (West 2020). The HCMCA requires that before filing a medical malpractice claim in court, a plaintiff must have previously filed a claim with the Maryland Health Care Alternative Dispute Resolution Office ("HCADRO"), an administrative body established by the HCMCA. *See id.* § 3–2A–04(a)(1)(i). Further, the plaintiff must have submitted to the HCADRO a certificate of a qualified expert

9

attesting to the health care provider's departure from the standard of care and attesting that such departure was the proximate cause of the alleged injury. *Id.* § 3–2A–04(b)(1)(i). If a plaintiff has not satisfied these requirements, any malpractice claim filed in court is subject to dismissal without prejudice. *Id.* § 3–2A–02; *see Wilcox v. Orellano*, 115 A.3d 621, 625 (Md. 2015). Because Haley has not alleged or established that he complied with the requirements of the HCMCA, any medical malpractice claim would be dismissed without prejudice.

Because the Court finds that Dr. Krishnaswamy is entitled to summary judgment on the Eighth Amendment claim, it need not and will not address his argument that he was not a state actor.

**B.     Dr. Cook**

As to Dr. Cook, the Court finds there is an insufficient basis to support the conclusion that the subjective prong of a deliberate indifference claim can be established. The record evidence demonstrates that Dr. Cook saw Haley on only one occasion, and there is no evidence that he had any responsibility for any continuing treatment of Haley. As a result of that visit, Dr. Cook recommended that Haley receive a 90-day prescription for Lyrica to address his pain. To the extent that this recommendation was for a different pain medication than the one Haley had been receiving, Ultram, Dr. Cook has provided reasons for choosing Lyrica: that Haley's medical records revealed that he had been non-compliant with Ultram, and that Dr. Cook believed Lyrica presented a lower risk of abuse. Regardless, Haley was provided a new prescription for Ultram at that same time by another provider. Where Dr. Cook prescribed a valid pain medication following his only encounter with Haley, the evidence does not support a finding that he acted with deliberate indifference to Haley's medical needs. At most, there is a disagreement with the specific choice of medications or the course of treatment. However, disagreements between a prisoner and

medical providers over proper medical care do not support a deliberate indifference claim, absent exceptional circumstances. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

As for the general allegation that Dr. Cook did not refer Haley for physical therapy, Dr. Cook has provided an uncontroverted declaration in which he has asserted that a referral for physical therapy was beyond the scope of his role, and that in any event, physical therapy was likely inappropriate at that time because Haley had been referred to a podiatrist and was still considering another surgery. Neither the pleadings nor the record provide any basis to support the conclusion that the failure of any physician, including Dr. Cook, to refer Haley to physical therapy constituted deliberate indifference to a serious medical need. The Court will therefore grant summary judgment in favor of Dr. Cook on the Eighth Amendment claim.

## IV.  Remaining Claims

Although Count II appears to allege equal protection claims under the Fourteenth Amendment against all Defendants, there are no allegations against Dr. Krishnaswamy or Dr. Cook that arguably relate this claim, so the Court will dismiss that count as to these Defendants.

Although the docket currently lists Corizon as a defendant in this case, and the Court stayed the claims against Corizon because that entity is in bankruptcy, a closer review of the Complaint and the Amended Complaint reveals that Haley named as defendants only individual medical personnel, not Corizon as an entity. Accordingly, the Court finds that the inclusion of Corizon as a defendant was a clerical error and will correct that error by lifting the stay and dismissing Corizon as a defendant.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss, or in the Alternative, Motions for Summary Judgment will be GRANTED. A separate Order shall issue.

Date: April 29, 2024

_____
THEODORE D. CHUANG
United States District Judge